FRED SIMMONS v. STATE.

No. 2119.   Decided March 19, 1913.

**1.—Murder—Evidence.**

Where testimony which was first ruled out by the court was afterwards admitted on behalf of defendant, there was no error.

**2.—Same—Charge of Court—Murder.**

Where the evidence raised the issue of murder in both degrees, it was proper for the court to charge thereon in the proper form. Following Barton v. State, 53 Texas Crim. Rep., 443, and other cases.

**3.—Same—Charge of Court—Manslaughter—Words and Phrases.**

Where, upon trial of murder, the evidence showed that the killing occurred after the first meeting, but the court, nevertheless, charged on manslaughter and adequate cause, the defendant had no ground to complain, and the contention that the charge of the court used the words, "sudden passion," is without merit.

**4.—Same—Charge of Court—Requested Charges—Self-defense.**

Where, upon trial of murder the court properly charged on self-defense as made by the evidence, there was no error in refusing requested charges on the same subject.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder in the second degree and his punishment assessed at fifty years confinement in the State penitentiary.

It appears that appellant's wife had left him and gone to live with her aunt, Josephine Fuller, with the murder of whom appellant is charged in this case. On the afternoon of the homicide, appellant went to the house where his wife was staying with her aunt. The State's testimony is that appellant, at this time, mistreated his wife, and was forced to leave by deceased, Josephine Fuller. Appellant contends that he went to see his wife at her request, and she desired to go with him, but deceased would not permit her to do so, and forced him to leave, saying if he did not do so, she would kill him, at the same time drawing a pistol on him. It is manifest that appellant left the place where his wife and deceased were residing, the issue of whether or not he had mistreated his wife being a contested issue. After leaving the house and being gone some time, he returned, and the fatal encounter ensued in which appellant killed his wife, Josephine Fuller and her husband Curtis Fuller; also shooting another woman in the chin. The State's theory is that when appellant returned to the house he asked for Josephine Fuller, and when her husband came to the door he shot and killed him, rushed in the house and killed Josephine Fuller and his wife, in the melee shooting Sallie McCall in the chin, saying at the time he intended to kill all of them.

Defendant's theory is that he returned to the house to get his wife, and when he asked for her, Curtis Fuller appeared at the door, armed, and some one saying "kill him," he thought he was in danger of losing his life and he shot and killed Curtis; that he then went in the house and, Josephine being armed and attempting to kill him, he shot and killed her; that the killing of his wife and the shooting of Sallie McCall was accidental and unintentional.

In the first bill of exception appellant complains of the action of the court in overruling his application for a continuance. In approving the bill, the court shows that all the witnesses for whom process had been issued, were in attendance during the trial of the case, some of them being examined by appellant without placing them on the stand. As to the witnesses for whom no process had been issued, the diligence shown is insufficient. None of the witnesses for whom appellant sought a continuance witnessed the killing, but were in the main character witnesses, and under such circumstances the court did not err in overruling the application for a continuance.

In the other three bills in the record it is complained that the court erred in rejecting certain testimony. The court, in approving the bills, states that when the testimony was first offered, he did sustain an objection to it, but after appellant testified, the witnesses were again offered, when the objection was overruled, and the witnesses were permitted to testify in detail. As the testimony was admitted during the trial of the case, no error is presented.

The court did not err in submitting murder in the first degree. The evidence on behalf of the State raised that issue, and the court's

charge on murder in the second degree has been frequently approved by this court (Barton v. State, 53 Texas Crim. Rep., 443; McGrath v. The State, 35 Texas Crim. Rep., 413 and cases cited in Sec. 426 Branch's Crim. Law.).

The court's charge on "adequate cause" was a direct application of the law to the testimony offered in behalf of appellant on that issue, and the court in so specifically applying the law to the evidence in the case, should be commended, and not condemned. The complaint that the charge was error in instructing the jury that if adequate cause existed and this produced "sudden passion" is without merit. The killing did not take place at the first meeting after appellant says he was informed that deceased was the cause of his wife leading a life of shame. He admits he saw deceased the first time he visited the house; that his wife had written him prior to that time, and he was made aware of no new facts after this first meeting. The other criticisms of the charge on manslaughter are also without merit.

The charge on self-defense is also a full and fair presentation of that issue as made by the evidence, and the charge as given, covering the law of the case, it was not necessary to give the special charges, or either of them, requested by appellant.

The judgment is affirmed.

*Affirmed.*